UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY KULIK,<br><br>        Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES, INC., ET AL.,<br><br>        Defendants. | Case No. 1:24-cv-01569<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANT DELTA AIR LINES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)
FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
TRANSFER THIS ACTION TO THE MIDDLE DISTRICT OF FLORIDA**

Defendant Delta Air Lines, Inc. ("Delta" or the "Company"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Gary Kulik's ("Plaintiff's") Complaint seeking the dismissal of Plaintiff's Complaint because venue is not proper in this Court pursuant to 28 U.S.C. § 1406(a) ("Section 1406(a)"), or in the alternative, the transfer of this case to the United States District Court for the Middle District of Florida (the "Middle District of Florida").

**INTRODUCTION**

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 (the "ADA"), and the Family and Medical Leave Act ("FMLA") in this Court, alleging discrimination, retaliation, and FMLA interference arising from his employment with Delta in Tampa, Florida. However, as detailed below, the Northern District of Illinois is an improper venue for Plaintiff's claims. None of the events that Plaintiff alleges were discriminatory or retaliatory could have occurred within this District. Those events would have occurred (if they occurred) in Tampa, Florida, which is located in the Middle District of Florida.

Plaintiff's employment records are not located in Chicago, and he would have been employed in Florida (not Illinois) if his employment with Delta had not ended. For these reasons, Plaintiff cannot demonstrate that venue is proper in the Northern District of Illinois for his Title VII or ADA claims. Venue is improper here for his FMLA claims for similar reasons. Accordingly, Plaintiff's case should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(3) and Section 1406(a) for improper venue. However, if this Court does not dismiss the case, it nonetheless should transfer this case to the Middle District of Florida in the interests of justice supporting the efficient administration of the court system and/or the convenience of the witnesses and the parties.

## BACKGROUND[1]

During his employment at Delta, Plaintiff worked as a Customer Experience Specialist at Delta's Customer Engagement Center (the "Engagement Center") in Tampa, Florida. Horton Decl. ¶ 3. Plaintiff began his employment with Delta in May 2022 and alleges that Delta began discriminating against him in January 2023. Compl.[2] ¶¶ 1-5. He reported to his Tampa, Florida work location in person and was responsible for providing customer service support for domestic and international travelers, selling travel-related services, and offering internal and external support for travel-related issues. Horton Decl. ¶ 5. Like Plaintiff, Plaintiff's manager (Grant

---

[1] For purposes of this Rule 12(b)(3) motion, Delta assumes (as it must) the truth of the allegations in Plaintiff's Complaint unless they are contradicted by Delta's declarations submitted in support of this Motion. *See Moore v. City of Kankakee*, No. 14-CV-5440, 2015 WL 2455116, at *1 (N.D. Ill. May 22, 2015). Courts may consider matters outside the pleadings, such as Delta's supporting declarations, in deciding a motion under Rule 12(b)(3). *See, e.g.*, *id.*; *Dutch Valley Growers, Inc. v. Rietveld*, 314 F.R.D. 293, 295 (N.D. Ill. 2016). Delta respectfully submits the Declarations of Customer Experience Manager Grant Horton ("Horton Decl." attached as **Ex. A**) and Senior Human Resources Manager Allison Green ("Green Decl." attached as **Ex. B**).

[2] Citations to "Compl. ¶ __" refer to Plaintiff's "Statement of Facts in Response to Item 'E' in Plaintiff's Complaint for Employment Discrimination" attached to Plaintiff's Amended Complaint for Employment Discrimination. Dkt. 6.

Horton) and Plaintiff's alleged supervisor (Christopher Morales) worked at the Engagement Center. Horton Decl. ¶¶ 1, 7. Nearly all Plaintiff's employment records, as well as Delta's human resources and other policies, are maintained electronically and would be accessible to the parties in either Tampa, Florida or Chicago, Illinois, even though Delta does not formally maintain or administer such records and policies from either location. Green Decl. ¶¶ 8-9.

Plaintiff represented that he lived in Florida between February 2023 and May 2023, when the events described in his Complaint allegedly occurred. Compl. ¶¶ 8-13; Green Decl. ¶¶ 5-6. Plaintiff further claims that in or around January 2023, Horton allegedly told Plaintiff that Delta could not provide him with a reasonable accommodation of a purported disability and subsequently suspended his employment in February 2023. Compl. ¶¶ 5, 8. Plaintiff also claims he contacted Horton and Morales to discuss his employment status in April and May 2023. Compl. ¶ 10. Plaintiff further alleges that between March and April 2023 he corresponded with Lead Program Manager Nina Sanders and General Manager Lisa Stephan—both of whom work in Delta's Accommodations Department in Atlanta, Georgia—about Delta's accommodation process and/or his employment status. Compl. ¶¶ 9, 11; Green Decl. ¶¶ 10-11. Indeed, nothing in Plaintiff's Complaint suggests any alleged event related to his claims occurred in Chicago, Illinois—or anywhere else in the Northern District of Illinois. *See* Dkt. 6.

## ARGUMENT

**I.    THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE THE NORTHERN DISTRICT OF ILLINOIS IS AN IMPROPER VENUE.**

The Northern District of Illinois is not a proper venue for any of Plaintiff's claims. Title VII and the ADA have their own venue provisions specifying the judicial districts in which a plaintiff can properly assert claims under those statutes. A Title VII or ADA action may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to

have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3) (Title VII), and incorporated into the ADA by 42 U.S.C § 12117(a). If there is no defendant within such a judicial district, then the Title VII or ADA action may be filed where the defendant has its principal office. *Id.*; *see also Moore*, 2015 WL 2455116, at *1.

Plaintiff cannot establish any of the necessary prongs demonstrating that venue is proper in the Northern District of Illinois. *Moore*, 2015 WL 2455116, at *1 ("Under Rule 12(b)(3), a plaintiff bears the burden to establish that venue is proper."); *Davis v. Pierce Co.*, No. 06 C 6886, 2007 WL 9814708, at *2 (N.D. Ill. Sept. 11, 2007) (same). First, Plaintiff does not even suggest any alleged unlawful employment action occurred in Illinois, nor could he. Plaintiff and the individuals he alleges discriminated or retaliated against him worked in Tampa, Florida or Atlanta, Georgia—not Illinois.[3] Compl. ¶¶ 8-13; Horton Decl. ¶¶ 1, 7-9. Second, Plaintiff does not allege (nor could he) that his personnel records and relevant employment records are maintained or administered in Illinois, because they are not. Green Decl. ¶¶ 8-9. Additionally, if not for his termination, Plaintiff would have been employed by Delta in Tampa, Florida—not Illinois. Plaintiff therefore cannot meet his burden of satisfying any of the three criteria in Section 2000e–5(f)(3) and 42 U.S.C. § 12117(a) necessary to demonstrate this District is a proper venue for his Title VII and ADA claims.

Moreover, this Court is an improper venue for Plaintiff's purported FMLA claim under 28 U.S.C. § 1391(b) ("Section 1391(b)"). *Vang v. Jacobs Eng'g Grp., Inc.*, No. 15-CV-153-JDP, 2015

---

[3] Even if Plaintiff claims he was in Chicago, Illinois when his employment with Delta ended, that is irrelevant for purposes of the venue analysis. *See Moore*, 2015 WL 2455116, at *2 (stating "the place where the decision was made, rather than the place where the employee felt the decision's effects, is the more pertinent") (collecting cases).

WL 7176416, at *1 (W.D. Wis. Nov. 12, 2015) (holding that Section 1391(b) provides the venue criteria for FMLA claims). Under Section 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). Although it is inapplicable here, if no district meets either requirement, then venue is proper where Delta is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b)(3).

Here, there are three named defendants, including two individuals Plaintiff suggests in his Complaint are located in Florida, not Illinois. *See* Dkt. 6. Plaintiff therefore cannot establish proper venue under Section 1391(b)(1). At the time of the alleged events, Plaintiff worked in Tampa, Florida, and substantially all the events underlying his claims occurred there. None of those alleged events has any connection to Chicago, Illinois or this District. Accordingly, there *is* a district that meets the requirements of Section 1391(b)(2) for purposes of Plaintiff's FMLA claim—the Middle District of Florida.

For these reasons, this Court should conclude that the Northern District of Illinois is not a proper venue for Plaintiff's claims under Title VII, the ADA, and the FMLA and dismiss this action pursuant to Rule 12(b)(3) and Section 1406(a).

## II. IF THE COURT DOES NOT DISMISS THIS ACTION, THEN, IN THE INTERESTS OF JUSTICE, THIS COURT SHOULD TRANSFER THIS CASE TO THE MIDDLE DISTRICT OF FLORIDA WHERE VENUE IS PROPER.

If this Court does not dismiss this action under Section 1406(a), this Court should transfer this case to the Middle District of Florida because (a) Plaintiff's Title VII, ADA, and FMLA claims could have been properly brought in the Middle District of Florida and (b) such a transfer is in the interests of justice.

### A. Venue Is Proper in the Middle District of Florida for All Plaintiff's Claims.

As discussed in Section I above, venue is proper in the Middle District of Florida for the Title VII, ADA, and FMLA claims because (among other reasons) substantially all the events underlying his claims occurred within the Middle District of Florida.

### B. The Interests of Justice Strongly Favor Transfer to the Middle District of Florida.

The interests of justice support transferring this case to the Middle District of Florida. "The 'interest[s] of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *7 (N.D. Ill. Jan. 25, 2013). "Courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id*. (internal quotations and citations omitted). Courts also will consider other questions such as whether initial personal jurisdiction issues could be mitigated or cured by a transfer to another district. *See, e.g.*, *Bogard v. TikTok Inc.*, 2024 WL 1588423, at *11 (S.D. Ind. Mar. 25, 2024) (explaining that "[c]ourts also regularly consider whether there is a close question on preliminary issues like personal jurisdiction that could be cured through transfer" and transferring the case to a court "where personal jurisdiction is unquestioned"). These factors strongly support a transfer to the Middle District of Florida.

The docket congestion and relative speed to trial or other disposition factors heavily favor transferring Plaintiff's case to the Middle District of Florida. According to the most recently published judicial district average statistics, for the twelve months preceding September 30, 2023, the median time from filing to trial for civil cases in the Middle District of Florida was 29.7 months,

compared to 57.5 months in the Northern District of Illinois (almost twice as long). *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2023) at 47, 91 (https://www.uscourts.gov/sites/default/files/fcms_na_ distprofile0930.2023.pdf and also attached as Ex. C); *see, e.g.*, *Hill-Jackson v. FAF, Inc.*, No. 10 C 364, 2010 WL 3403882, at *4 (N.D. Ill. Aug. 25, 2010) ("speed at which the case will proceed to trial" factors into venue transfer analysis); *Johnson*, 2013 WL 323404, at *7 (finding that comparative median months from filing to disposition and filing to trial weighed in favor of transfer). Furthermore, during the same twelve-month period, the number of pending cases per judgeship was significantly lower in the Middle District of Florida (539 pending cases per judge) compared to the Northern District of Illinois (925 pending cases per judge). Ex. C. In short, transferring this case to the Middle District of Florida is appropriate based on this factor alone. *See Johnson*, 2013 WL 323404, at *7.

Additionally, the Middle District of Florida has a stronger connection to the controversy here, and therefore a stronger interest in resolving the case, because Plaintiff and other key individuals who he alleges discriminated or retaliated against him worked in Delta's Tampa, Florida facility—a community located within the Middle District of Florida. No one involved in this case is in Chicago except for Plaintiff, who apparently moved here *after* the events alleged in his Complaint. Therefore, these factors weigh in favor of transferring this case.

Lastly, transferring this action to the Middle District of Florida would also serve the interests of justice because that district, unlike the Northern District of Illinois, is much more likely to have personal jurisdiction over the named individual defendants located in Florida, in the event they are timely and properly served in this case[4]. *See Bogard*, 2024 WL 1588423, at *9.

---

[4] Delta also notes that Plaintiff's Complaint does not allege this Court has personal jurisdiction over the individual defendants Plaintiff has attempted to name: Horton or Morales. To exercise personal jurisdiction over Horton and Morales, "the Court must find that the defendant has certain minimum contacts with Illinois such that the maintenance of the suit does not offend traditional notions of fair play and substantial

For these reasons, if this Court does not dismiss Plaintiff's claims pursuant to Rule 12(b)(3) and Section 1406(a), it should exercise its discretion to transfer this action to the Middle District of Florida in the interests of justice.

**III.   IN THE ALTERNATIVE, EVEN IF THIS COURT WERE TO SOMEHOW CONCLUDE THAT VENUE IS PROPER IN THIS COURT, TRANSFERRING THIS CASE TO THE MIDDLE DISTRICT OF FLORIDA IS STILL WARRANTED.**

Even if this Court were to determine that venue is proper in this District notwithstanding the compelling facts demonstrating otherwise, this Court still should transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") for the convenience of the parties and witnesses and in the interests of justice. *See Johnson*, 2013 WL 323404, at *3 (stating the three requirements for a Section 1404(a) transfer: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice (citation omitted)).

**A.   The Middle District of Florida Is a More Convenient Forum for the Parties and Witnesses in this Case.**

The Middle District of Florida, which is a proper venue for this action, is a more convenient forum for the parties and the anticipated witnesses in this case than the Northern District of Illinois. As courts in this District have explained:

> The convenience analysis is governed by five factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties.

---

justice." *Alipourian-Frascogna v. Etihad Airways*, No. 21-CV-0001, 2022 WL 847559, at *1 (N.D. Ill. Mar. 22, 2022) (holding that the court lacked personal jurisdiction over the plaintiff's former supervisor) (citations omitted). "While a nonresident defendant's physical presence within the territorial jurisdiction is not required, the defendant's contacts must satisfy at least three other requirements: (1) the contacts are created by the defendant himself; (2) the contacts are targeted at the forum state (as opposed to merely persons who reside there); and (3) the contacts bear on the substantive legal dispute." *Id.* (citations omitted). Indeed, Plaintiff has alleged no facts showing that Horton and Morales otherwise had any contacts with Illinois, let alone any contacts related to the substance of Plaintiff's legal dispute in this case.

*Johnson*, 2013 WL 323404, at *4. Each of these factors supports transferring this case to the Middle District of Florida.

First, this Court should not give Plaintiff's choice of forum any weight or deference. The only possible connection this case has to the Northern District of Illinois is that Plaintiff (apparently) lives in the District.[5] But this cannot be enough when, as here, all or substantially all of the material events allegedly occurred in the Middle District of Florida. *See, e.g.*, *Davis*, 2007 WL 9814708, at *6 (explaining that an employee's "choice of forum is given less weight where, as here, the cause of action did not conclusively arise in the chosen forum"); *Tong v. Direct Trading Corp.*, No. 02 C 8331, 2003 WL 22282466, at *4 (N.D. Ill. Oct. 1, 2003) (affording the plaintiff's choice of forum minimal weight even though she resided there because the defendants' decisions, on which her race discrimination claim was based, occurred in another forum); *Shakir Dev. & Constr. LLC v. Flaherty & Collins Constr., Inc.*, No. 11 C 1116, 2011 WL 2470887, at *2 (N.D. Ill. June 21, 2011) ("[A] plaintiff's choice of forum has only minimal value where none of the conduct occurred in the forum selected by the plaintiff." (internal quotations and citations omitted)).

As for the second factor, the situs of the material events in employment discrimination cases is typically where the plaintiff lived, worked, and allegedly experienced discrimination. *See, e.g.*, *Moore*, 2015 WL 2455116, at *2; *Johnson*, 2013 WL 323404, at *5. In this case, that place is the Middle District of Florida as explained above.

The third factor, which focuses on documentary proof, does not support keeping the case in the Northern District of Illinois. As discussed above, substantially all of Plaintiff's employment

---

[5] On the Civil Cover Sheet he filed with this Court, Plaintiff stated he lived in Chicago, Illinois *at the time* he filed the Complaint. *See* Dkt. 2.

records are maintained electronically, can be transferred, and are no more "located" in the Northern District of Illinois than in the Middle District of Florida. *See Johnson*, 2013 WL 323404, at *5.

The fourth and fifth factors—the convenience of witnesses ("often the most important factor in determining whether to grant a motion to transfer") and the convenience of the parties—also strongly weigh in favor of transferring venue in this case. *Klutho v. 21ST Century Ins. Co.*, No. 07C4111, 2007 WL 4224296, at *3 (N.D. Ill. Nov. 26, 2007).

The Middle District of Florida is significantly more convenient for Delta witnesses and non-party witnesses (such as Plaintiff's health care providers, who presumably were Florida-based). As discussed above, Plaintiff's former supervisor(s) are in Florida and the Delta Human Resources witnesses are located in Atlanta, Georgia and much closer to Florida. Horton Decl. ¶¶ 1, 7; Green Decl. ¶¶ 10-11. Venue in the Middle District of Florida therefore would significantly reduce the travel and lost productivity impacts to these witnesses. *See, e.g.*, *Barela v. Experian Info. Sols., Inc.*, No. 04 C 5144, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (considering the impact of the venue on both party and non-party witnesses, including factors such as travel disruption and lost productivity); *Andrade v. Chase Home Fin., LLC*, No. 04 C 8229, 2005 WL 3436400, at *8 (N.D. Ill. Dec. 12, 2005) (transferring case because "several key party witnesses for Defendants live[d] in Pennsylvania" and "transferring the case would reduce the travel cost and the lost productivity attributable to their testimony"). Furthermore, key non-party potential witnesses (including Plaintiff's Florida-based health care providers or any former Delta employees) are unlikely to be subject to subpoena power of this Court, but likely would be subject to a federal court's jurisdiction in the Middle District of Florida. *See, e.g.*, *Guignard v. Nat'l R.R. Passenger Corp.*, No. 11 C 124, 2012 WL 1108242, at *3 (N.D. Ill. Apr. 1, 2012) ("[T]he presence

of potential nonparty witnesses outside the subpoena power of the court . . . weighs heavily in a transfer decision." (citation omitted)); Fed. R. Civ. P. 45(c).

Additionally, this District is not any more convenient for Plaintiff than the Middle District of Florida. He will be required to travel to litigate his case whether the venue is this District or the Middle District of Florida precisely because none of the relevant witnesses are in Chicago. Accordingly, all the convenience-related factors strongly support transferring this case to the Middle District of Florida.

**B.    The Interests of Justice Favor Transferring This Case to the Middle District of Florida.**

For the same reasons that the interests of justice support transferring this action under Section 1406(a) as discussed in Section II.B. above, the same holds true for the analysis under Section 1404(a). *See Davis*, 2007 WL 9814708, at *5 (noting the interests of justice factor under Section 1404(a) and Section 1406(a) is "analyzed using very similar interest of justice standards" (citation omitted)).

In sum, if this Court somehow were to conclude venue in this District were proper, this Court has a more than ample basis under Section 1404(a) to transfer the case to the Middle District of Florida.

[Intentionally left blank]

## CONCLUSION

For the foregoing reasons, Delta respectfully requests that this Court enter an order dismissing this case pursuant to Rule 12(b)(3) or, in the alternative, transferring this case to the Middle District of Florida.

Dated: June 13, 2024

**DEFENDANT DELTA AIR LINES, INC.**

By: */s/ Eric L. Mackie*
    One of Its Attorneys

Ami Wynne (IL Bar No. 6273277)
*ami.wynne@morganlewis.com*
Eric L. Mackie (IL Bar No. 6335348)
*eric.mackie@morganlewis.com*
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Suite 2800
Chicago, IL 60606-1511
Telephone:  312.324.1000
Facsimile:  312.324.1001

*Counsel for Defendant Delta Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, I caused a copy of the foregoing document to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic service to all counsel of record.

                                                                           */s/ Eric L. Mackie*
                                                                           Eric L. Mackie