UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY KULIK,

    Plaintiff,

v. Case No. 8:24-cv-02062-MSS-AEP
DELTA AIRLINES, INC., et al.

    Defendants.
_____/

## PLAINTIFF'S MOTION TO QUASH RECEIVER'S SUBPOENA

Plaintiff, Gary Kulik, respectfully moves this Court to quash the subpoena served on him by Defendant, Delta Airlines., INC, on the grounds that the request for personal health records is too vague, overbroad, and violates Plaintiff's privacy rights. In support of this motion, Plaintiff states as follows:

### I. INTRODUCTION

On October 3, 2025, Defendant served Plaintiff with a subpoena requesting the production of personal health records. The subpoena broadly requests "all medical records" related to the Plaintiff without specifying the conditions, providers, or particular treatments involved.

The request as framed is unclear and overly broad, and it fails to specify the precise scope of the documents being sought, including which medical conditions, treatments, or providers are relevant to the claims or defenses in this case.

Plaintiff asserts that the subpoena is overly vague, overbroad, and seeks

documents that are not relevant, invasive, and not reasonably calculated to lead to the discovery of admissible evidence.

## II. ARGUMENT

### A. The Subpoena Is Vague and Overly Broad

The subpoena requests "all medical records," which is an ambiguous and sweeping request that does not provide adequate guidance as to which records are actually necessary to the litigation. The request fails to identify specific medical conditions, treatments, or time frames that would allow the Plaintiff to determine what records need to be produced.

This type of overly general request is impermissible under Federal Rule of Civil Procedure 45, which mandates that subpoenas be clear and specific as to the documents or information sought. A subpoena that is vague or overly broad constitutes an abuse of the discovery process and should be quashed. (See, e.g., [insert relevant case law from your jurisdiction]).

As written, the subpoena may require Plaintiff to disclose irrelevant medical records that have no bearing on the issues at trial, thus violating Plaintiff's privacy rights and creating an undue burden.

Rule 45 allows a party to issue a subpoena to "command each person to whom [the subpoena] is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). "In general, a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." Castleberry v. Camden Cnty., 331 F.R.D.

559 F. Supp. 3d 1319 (S.D. Ga. 2019) (citation omitted) (emphasis added).

A subpoena issued under Rule 45 remains subject to all of the requirements of Rule 26. See generally Hatala v. Sustainable Concepts Develop., No. 9:15-CV-81475BLOOM/Reinhart, 2022 WL 2341234, at *2 (S.D. Fla. Apr. 25, 2022) ("By the plain language of Rule 26(b)(1), the proportionality factors (which include undue burden) limit what documents a requesting party may obtain, without regard for whether the request is to another party under Rule 34 or to a non-party under Rule 45.") (citations omitted). Rule 45 provides that a court must quash or modify a subpoena that subjects a person to undue burden (Rule 45(d)(3)(A)(iv)) and may quash or modify a subpoena that discloses a trade secret or other confidential research, development, or commercial information (Rule 45(d)(3)(B)(i)). In Florida, the personal financial information of a nonparty is considered secret. See generally Rappaport v. Mercantile Bank, 17 So. 3d 902 (Fla. 2d DCA 2009) (granting petition for certiorari and overturning trial court's order granting financial discovery of non-debtor spouse). Personal financial information is also protected by the right to privacy guaranteed by the Florida Constitution. See Fla. Const. art. 1, § 23 ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."); see also Winfield v. Div. of Pari-Mutuel, Dep't of Bus. Regulation, 477 So. 2d 544, 548 (Fla. 1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records.").

**B. The Request Involves Sensitive Personal Health Information**

The request for medical records is especially intrusive as it seeks personal health information, which is protected by both state and federal privacy laws, including the

Plaintiff's medical history, including any treatments, diagnoses, and consultations, is highly sensitive, and the subpoena, as phrased, potentially opens the door to the disclosure of irrelevant and private health information. Without narrowing the scope of the subpoena, Plaintiffs' privacy rights would be compromised.

The subpoena fails to include any restrictions regarding the types of records being sought (e.g., mental health records, substance abuse treatment records, etc.), thus risking disclosure of privileged or irrelevant information.

C. **Lack of Relevance and Proportionality**

Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are relevant to the claims or defenses in the case. The subpoena, as written, seeks documents that are far too broad in scope, extending beyond what is needed for the resolution of Defendant's claims.

A court must limit discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). And a court may enter a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

In addition, the request is disproportionate to the needs of the case. Defendant has failed to articulate how Plaintiff's entire medical history, over an extended period of time, is relevant to the litigation.

and would result in the production of records that are not likely to lead to the discovery of admissible evidence.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court quash the subpoena served by Defendant, Delta Airlines., INC, due to its vagueness, overbreadth, violation of privacy rights, and lack of relevance to the claims in this case.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion to Quash the Subpoena and provide such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Gary Kulik

10-15-2025

### CERTIFICATE OF SERVICE

I hereby certify that on 15th day of October 2025, I served a copy of this Motion to Quash Subpoena on all counsel of record via email.

Gary Kulik