# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GARY KULIK,

       Plaintiff,                   Case No.: 8:24-cv-02062-MSS-AEP

v.

DELTA AIR LINES, INC., et al.,

       Defendants.

_____/

## DEFENDANT'S MOTION TO COMPEL

Under Fed. R. Civ. P. 37, Defendant,[1] DELTA AIR LINES, INC. ("Delta") moves the Court for an Order compelling Plaintiff, GARY KULIK ("Plaintiff") to provide responsive documents – he has provided none – along with employment and medical records release authorizations, and more complete answers to Delta's First Requests for Production of Documents and Interrogatories. Indeed, Plaintiff alleges disability discrimination in connection with his resignation from Delta, while refusing to produce any documents or medical and employment records or releases. As a result, this Court should compel him to provide complete responses, without objection, including signed authorizations for medical and employment records. This Court should further grant Delta its fees related to this Motion given Plaintiff's unjustifiable refusal to cooperate in discovery. In support of this Motion, Delta further states:

---

[1] Plaintiff also named several individual current and former employees of Delta as purported defendants in his original pleading (the "Individuals). To date, the Individuals have never been served, nor has Plaintiff pleaded or proven that they are subject to the jurisdiction of this Court or otherwise proper defendants in this case.

## I.    <u>PROCEDURAL BACKGROUND</u>

1.    On July 9, 2025, Delta served Plaintiff with its First Set of Interrogatories and Requests for Production (collectively, the "Discovery Requests"), along with standard releases for employment and medical records. *See* **Exhibits A and B**.

2.    Plaintiff served deficient responses to the Requests for Production on July 11, 2025. *See* **Exhibit C**. Specifically, Plaintiff claimed he possessed no documents and suggested that some might be in the hands of Delta or the Individuals. He failed to produce a single document or sign any release.

3.    Plaintiff served deficient responses to the Interrogatories on July 28, 2025, again including several meritless objections. *See* **Exhibit D**.

4.    In an effort to address the deficiencies within Plaintiff's responses without Court intervention, on August 11, 2025, prior counsel for Delta, Ami Wynne of Morgan Lewis & Bockius LLP, e-mailed Plaintiff with an analysis of the issues with his responses and invited conferral. *See* **Exhibit E**. Ms. Wynne emphasized:

- Plaintiff failed to produce a single document;

- Plaintiff did not execute any of the releases;

- Plaintiff's response to *each* request for production declared that "any responsive documents are not in Plaintiff's possession"; and

- Plaintiff's responses to interrogatories were evasive and incomplete, particularly in that Plaintiff provided answers indicating that the information sought was "in the complaint" or otherwise refusing to

provide any meaningful response.

5.    On August 12, 2025, Plaintiff responded that since he provided information about his medical conditions and providers to Delta as a part of the accommodation request process while still employed, there was no need for additional discovery. *See id.* He also invited Ms. Wynne to provide dates for a call. *See id.*

6.    Ms. Wynne responded with several available dates. *See id.* Ultimately, she and Plaintiff agreed to discuss on September 3, 2025.

7.    On September 2, 2025, Plaintiff emailed Ms. Wynne asking whether their meeting the following day was going forward. *See id.*

8.    Ms. Wynne confirmed that it was. *See id.* She also provided Plaintiff with an agenda for their call, excerpted below.

> We plan to meet with you tomorrow by video as previously scheduled.  I have reattached my email to you from August 12, 2025 that outlines the items for discussion with respect to your document request responses, interrogatory answers, and initial disclosures (attached for your convenience).  On our Rule 26 meet and confer call tomorrow, you should plan to confirm for us (1) whether you actually do not have any documents responsive to the document requests (since almost all of your responses are virtually identical) or are refusing to produce them (see examples in the attached email); (2) whether you are going to answer the interrogatory questions that you have not answered to date; and (3) whether or not you will update your initial disclosures so they are complete in accordance with the Federal Rules of Civil Procedure (as explained in the attached), and for each of (1), (2), and (3) establishing a prompt deadline for providing your response(s) and documents.  Any matters we cannot resolve and/or if we cannot agree upon a prompt deadline for your responses and documents, we reserve the right to bring the matters to the court.  We also have updated the Medical Release Records with a date that corresponds to our document requests to compromise on your objection that the original release was overly broad.  Please sign and return a copy of the Authorization to us this week.

9.    In response, Plaintiff claimed he was experiencing a medical emergency and would need to reschedule their call. *See* **Exhibit F.**

10.    Ms. Wynne again responded with a slate of available dates to confer with Mr. Kulik and emphasized the need for complete responses. *See* **Exhibit G.**

11.    On September 4, 2025, Plaintiff emailed Ms. Wynne objecting to her

request for him to execute releases for medical and employment records from third parties, which had been annexed to the Discovery Requests when served. *See* **Exhibit H**. He insisted that the releases were overbroad even as revised and demanded she provide a recitation of the "purpose and relevance" of any nonparty discovery to be served. *See id.*

12.     That same day, Ms. Wynne responded with a slate of additional dates in the coming days she was available to meet and confer, along with a reminder that the discovery issues were not simply a matter of her liking the responses, but an issue caused by Plaintiff's own failure to provide any documents or information. *See id.* Further, she proposed to subpoena records from United Airlines, Inc. (Plaintiff's employer subsequent to Delta) as well as medical providers that treated him for the alleged disabilities at issue in this case. *See id.*

13.     The next day, Plaintiff responded that he could be available to meet and confer on September 17, 2025. *See id.* He also insisted Ms. Wynne revise the releases (again) and then send him (yet, again) for execution. *See id.*

14.     However, given the importance of the records regarding Plaintiff's subsequent work and treatment for his alleged disabilities, Ms. Wynne explained that Delta was unwilling to revise the releases further and requested that Plaintiff sign them. *See id.*

15.     On September 11, 2025, Plaintiff served amended responses to the Discovery Requests. *See* **Exhibits I** and **J.**

16.     As before, these responses were evasive, incomplete, and contained identical and meritless objections as to the relevance, timing, and phrasing of the requests. *See id.*

17.     On September 13, 2025, Plaintiff emailed Ms. Wynne and promised to provide amended discovery responses "shortly." *See* **Exhibit K.**

18.     In the same email, Plaintiff also incorrectly claimed Ms. Wynne said she only needed "mental health records" and asked that the release be revised accordingly. *See id.*

19.     On September 16, 2025, Ms. Wynne reminded Plaintiff that she never agreed to limit third party discovery only to "mental health records." *See id.*

20.     Plaintiff and Ms. Wynne met and conferred on September 17, 2025. As she had repeatedly laid out in e-mail correspondence, Ms. Wynne explained that Plaintiff's amended discovery responses were deficient. He still failed to provide a single responsive document, and also failed to answer any of the Interrogatories beyond claiming information *might* already be somewhere else, like in the Complaint.

21.     As discussed more fully below, Plaintiff promised to provide amended responses to some Discovery Requests by September 19, 2025. Undersigned counsel also provided a copy of the instant Motion to Plaintiff on October 21, 2025 and invited conferral.

## II.    <u>MEMORANDUM OF LAW</u>

When objecting to a discovery request, "[p]arties are not permitted to assert . . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 U.S. Dist. LEXIS 105215, at *1 (M.D. Fla. Dec. 15, 2008). Instead, the objecting party "must explain [his] reasoning in a specific and particularized way." *Id.* Particularly, "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why." *Id.* at *1-2.

The Federal Rules of Civil Procedure provide that evasive or incomplete response to discovery requests must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory or to produce documents as requested, the party seeking the discovery may move to compel the response or production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iii),(iv). "Whether to [] grant an order to compel is at the discretion of the trial court." *Bernath v. Seavey*, 2016 U.S. Dist. LEXIS 165809, *11 (M.D. Fla. Dec. 1, 2016).

Despite Delta's good faith attempts to obtain complete responses to the Discovery Requests, Plaintiff's responses remain evasive and do not provide all information sought.

### A.    <u>Despite Conferral, Plaintiff's Responses to the Requests for Production Remain Evasive and Incomplete</u>

Delta served Plaintiff with 32 requests for production. *See* Ex. A. His original responses to these requests raised no objections, but instead responded to every request

by claiming Plaintiff possesses no documents and suggesting Delta and/or the Individuals may have the records sought. *See* Ex. C and I. He served identical responses sometime later. Despite his promises during the September 17th conferral call to amend several responses and complete his search for records, Plaintiff has failed to supplement the responses, to date. Further, he never produced a single document, nor executed the standard releases for nonparty employment and medical records provided with the Requests for Production, which would enable the undersigned to begin the lengthy process of securing responsive records in the hands of third parties. Accordingly, Delta requests this Court compel Plaintiff to respond completely to each and every Request for Production. Specifically:

- **Request for Production No. 1**: seeks all documents identified in his interrogatory responses and Rule 26 initial disclosures. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Plaintiff must provide all documents identified in his interrogatory responses or Rule 26 disclosures within his possession, custody, or control. The relevance and criticality of such documents is clear. *See, e.g., Spellberg v. New York Life Ins. Co.*, 2014 U.S. Dist. LEXIS 139751, *10 (M.D. Fla. 2014) (ordering Plaintiff to provide documents discussed in his responses to specific interrogatories for which he had also been ordered to respond). During the September 17th conferral call, Plaintiff claimed he does not have any documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 2**: seeks all records (notes, emails, calendars, diaries, journals) relating to his employment with Delta and/or the claims raised in the Complaint. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 2 are directly

relevant to Plaintiff's claims at issue in this suit, particularly his allegations that he requested accommodations and/or complained on particular dates. During the September 17th conferral call, Plaintiff claimed he does not have any documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 3**: seeks all personnel records from Delta Plaintiff may have retained. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 3 are directly relevant to Plaintiff's claims at issue in this suit, particularly his allegations involving the scope and extent of his job duties, his claims regarding disciplinary action, and his claims for lost wages/benefits. During the September 17th conferral call, Plaintiff claimed he does not have any documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 4**: seeks all correspondence discussing Plaintiff's employment with Delta or the allegations raised in the Complaint. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. During the September 17th conferral call, Plaintiff claimed he does not have any documents and has not posted on social media about Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 5**: seeks all social media posts or correspondence discussing Plaintiff's employment with Delta or the allegations raised in the Complaint. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The correspondence sought in Request No. 5 is directly relevant to Plaintiff's claims at issue in this suit. *See, e.g., Turner v. Ocala Breeders' Sales Co., Inc.,* 2025 U.S. Dist. LEXIS 196040, *4 (M.D. Fla. Oct. 3, 2025)

(ordering plaintiff to respond to requests for production seeking social media posts and messages regarding his employment discrimination claims). During the September 17th conferral call, Plaintiff claimed he does not have any documents and has not posted on social media about Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 6**: seeks all documents discussing any times Plaintiff was suspended from Delta. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 6 are directly relevant to Plaintiff's claims at issue in this suit, particularly his allegations involving alleged disciplinary action. During the September 17th conferral call, Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 7**: seeks all documents discussing Plaintiff's separation from Delta. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 7 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff claimed he does not have any documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this.

- **Request for Production No. 8**: seeks all communications with any current or former Delta employees discussing any of the claims raised in the Complaint. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 8 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call,

9

Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 9**: seeks all communications with Gary (Grant) Horton. Mr. Horton is one of the individuals named by Plaintiff as a purported defendant in this case, but whom has never been served nor shown to be a proper defendant subject to the jurisdiction of this Court. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 9 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 10**: seeks all communications with Christopher Morales. Mr. Morales is one of the individuals named by Plaintiff as a purported defendant in this case, but whom has never been served nor shown to be a proper defendant subject to the jurisdiction of this Court. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 10 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 11**: seeks all communications with Nina Sanders. Ms. Sanders is one of the individuals named by Plaintiff as a purported defendant in this case, but whom has never been served nor shown to be a proper defendant subject to the jurisdiction of this Court. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 11 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 12**: seeks all communications with Lisa Stephan. Ms. Stephan is one of the individuals named by Plaintiff as a purported defendant in this case, but whom has never been served nor shown to be a proper defendant subject to the jurisdiction of this Court. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 12 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 13**: seeks all communications with Stephen Almeida. Mr. Almeida is one of the individuals named by Plaintiff as a purported defendant in this case, but whom has never been served nor shown to be a proper defendant subject to the jurisdiction of this Court. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Clearly, the communications sought in Request No. 13 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff

11

claimed he has not communicated with anyone at Delta. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 14**: seeks all written agreements with Delta. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 14 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff does not have any responsive documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 15**: seeks all communications or documents evidencing any complaints he made to Delta between June 20, 2022 and February 8, 2024, including any complaints he may have made about Mr. Morales or Mr. Horton. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The communications sought in Request No. 15 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 16**: seeks all communications or documents discussing his suspension from work at Delta between June 20, 2022 and February 8, 2024. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 16 are directly

relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 17**: seeks all communications or documents discussing his assertion that Mr. Horton denied Plaintiff's request for accommodation because Plaintiff had not reached one (1) year of service. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 17 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 18**: seeks all communications or documents supporting the claim that Plaintiff was coerced into signing a statement saying he could not perform the essential functions of his role without accommodation(s). Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 18 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 19**: seeks all communications or documents discussing his assertion that Mr. Horton blocked his access to his Delta email account. Plaintiff's original and amended response to this request state that he

13

is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 19 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 20**: seeks all communications or documents supporting his assertion that Mr. Morales and Mr. Horton attempted to coerce him into admitting he abandoned his job. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 20 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 21**: seeks all communications or documents supporting the claim that Plaintiff was constructively discharged by Delta's alleged delay in providing him status updates as to his employment. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 21 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **<u>Request for Production No. 22</u>**: seeks all communications or documents evidencing any requests for accommodation or leave he made to Delta between June 20, 2022 and February 8, 2024. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 22 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive communications. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **<u>Request for Production No. 23</u>**: seeks all documents evidencing or discussing any medical conditions for which he sought any workplace accommodations or leave between February 8, 2019 and the present, as well as to provide executed medical records releases as to any providers for same. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 23 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he does not know whether he might have responsive documents and promised to complete his search and provide a supplemented response by September 19, 2025. Plaintiff has not done so. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **<u>Request for Production No. 24</u>**: seeks all documents evidencing or discussing any workplace accommodations he has been provided between February 8, 2019 and the present. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 24 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated that while he looked through some physical papers in his home, he had yet to search his personal email for responsive documents. He promised to complete his search and provide a supplemented response by September 19, 2025. Plaintiff has not done so. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

15

- **<u>Request for Production No. 25</u>**: seeks all documents evidencing or discussing any applications for employment he submitted to Delta between February 8, 2019 and the present. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 25 are directly relevant to Plaintiff's claims at issue in this suit. During the September 17th conferral call, Plaintiff indicated he has no responsive documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **<u>Request for Production No. 26</u>**: seeks all documents evidencing or discussing any applications for employment he submitted to employers other than Delta between February 8, 2019 and the present. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 26 are directly relevant to Plaintiff's claimed damages and mitigation of damages. During the September 17th conferral call, Plaintiff indicated he has held positions at United Airlines, Inc., as well as Lifetime Fitness since leaving Delta, and is now self-employed. He claimed to have looked for documents regarding these employers but to have found nothing. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **<u>Request for Production No. 27</u>**: seeks all documents evidencing or discussing his employment with employers other than Delta between February 8, 2019 and the present. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 27 are directly relevant to Plaintiff's claimed damages and mitigation of damages. During the September 17th conferral call, Plaintiff indicated he has held positions at United Airlines, Inc., as well as Lifetime Fitness since leaving Delta, and is now self-employed. He claimed to have looked for documents regarding these employers

but to have found nothing. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra*, § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 28**: seeks all documents evidencing his income from sources other than Delta between February 8, 2019 and the present, including tax records. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. Information about Plaintiff's income and other amounts received during this limited time period are directly relevant to Plaintiff's claim for damages and the mitigation thereof. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961) (court held that tax returns are subject to discovery); *Gutescu v. Carey Int'l, Inc.*, 2003 U.S. Dist. LEXIS 27510, *4-5 (S.D Fla. Aug. 28, 2003) (court stated that compelling production of documents specifically relevant to Plaintiff's ability to mitigate damages is appropriate when documents are relevant to the claims). During the September 17th conferral call, Plaintiff indicated he had yet to exhaustively look for tax documents and promised to complete that search and provide a supplemental response by September 19, 2025. He failed to do so. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 29**: seeks all documents supporting his allegation in Paragraph 16 of the Complaint that punitive damages are warranted because Delta's actions were intentional, malicious, and unlawful. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 29 are directly relevant to Plaintiff's claimed damages. During the September 17th conferral call, Plaintiff indicated he has no documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra*, § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 30**: seeks all documents supporting or evidencing his alleged damages sought in the Complaint. Plaintiff's original and amended response to this request state that he is unable to respond because "any

responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 30 are directly relevant to Plaintiff's claimed damages. During the September 17th conferral call, Plaintiff indicated he has no documents. Of course, he must search not only within the documents in his immediate possession, but also those documents within his custody or control. *Supra,* § II. If, after conducting such a reasonable and diligent inquiry, Plaintiff determines no responsive documents exist, he must amend his response to clearly state this. This Court should order Plaintiff to respond with all documents in his possession, custody, or control.

- **Request for Production No. 31**: seeks all documents evidencing or discussing his treatment for any emotional distress alleged caused by Delta, as well as to provide executed medical records releases as to any providers for same. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 31 are directly relevant to Plaintiff's claims and alleged damages. During the September 17th conferral call, Plaintiff indicated he has no documents, but his former lawyer may have some. He promised to follow-up with the former lawyer and provide a supplemental response with any such records by September 19, 2025. He failed to do so. Further, he also failed to provide executed releases for nonparty records as requested. This Court should order Plaintiff to respond with all documents in his possession, custody, or control, as well as to provide executed releases to undersigned counsel so that the undersigned can secure responsive documents in the hands of third parties.

- **Request for Production No. 32**: seeks all documents or communications retained from his tenure with Delta not produced in response to the other requests. Plaintiff's original and amended response to this request state that he is unable to respond because "any responsive documents are not in his possession," but instead may be held by Delta and the Individuals. This response is evasive. The documents sought in Request No. 32 are directly relevant to Plaintiff's claims and credibility. During the September 17th conferral call, Plaintiff indicated he has no documents, but his former lawyer may have some. He promised to follow-up with the former lawyer and provide a supplemental response with any such records by September 19, 2025. He failed to do so. This Court should order Plaintiff to respond with all documents in his possession, custody, or control, which includes any responsive and non-privileged documents his former lawyer may have.

18

**B.**     **Despite Conferral, Plaintiff's Responses to the Interrogatories Remain Evasive and Incomplete**

Delta served Plaintiff with 17 Interrogatories. *See* Ex. B. Plaintiff responded with objections claiming that the Interrogatories were harassing, duplicative, and confusing. *See* Ex. D. He served identical responses weeks later. *See* Ex. J. Despite his promises during the September 17th conferral call to amend several answers, Plaintiff has failed to supplement his responses. Accordingly, Delta requests this Court compel Plaintiff to respond completely to Interrogatories Nos. 2-15. Specifically:

- **Interrogatory No. 2**: seeks the date and  substance of Plaintiff's alleged communication(s) with Delta regarding any request(s) for accommodation. Plaintiff's original and amended responses stated that since the information is discussed in the Complaint, this Interrogatory is harassing and duplicative. The mere fact that Delta seeks more detail on allegations he raised in the Complaint *does not* make the request per se harassing or duplicative. As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. This Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 3**: seeks the date and substance of Plaintiff's alleged complaints(s) to Delta regarding discrimination, retaliation, or denial of accommodation(s) or leave. Plaintiff's original and amended responses stated that since the information is discussed in the Complaint, this Interrogatory is harassing and duplicative. The mere fact that Delta seeks more detail on allegations he raised in the Complaint *does not* make the request per se harassing or duplicative. As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff explained that Ms. Wynne could interpret his response to mean he only submitted complaints to Delta as laid out in the Complaint. If true, he must amend his response to state this and to provide all information sought. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 4**: seeks the date and substance of Plaintiff's alleged communication(s) with Delta regarding any request(s) for accommodation

19

leave, as well as to identify any documents evidencing same. Plaintiff's original and amended responses stated that since the information is discussed in the Complaint, this Interrogatory is harassing and duplicative. The mere fact that Delta seeks more detail on allegations he raised in the Complaint *does not* make the request per se harassing or duplicative. As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff explained that Ms. Wynne could interpret his response to mean he only submitted requests for accommodations to Delta as laid out in the Complaint. If true, he must amend his response to state this and to provide all information sought. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 5**: seeks information on social media Plaintiff has used since January 1, 2022. Plaintiff's original and amended responses objected to this request as "confusion and compound.". As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. Courts have compelled responses to similar interrogatories in recent years, and requests for social media information are now common in civil litigation. *See, e.g., Jolly v. As,* 2022 U.S. Dist. LEXIS 252451, *10 (M.D. Fla. Oct. 18, 2022). During the September 17th conferral call, Plaintiff explained that Ms. Wynne could interpret his response to mean he does not use social media. Ms. Wynne showed Plaintiff a Facebook profile with his name and asked whether it was him. Plaintiff claimed it was not. Shortly after the call, that Facebook profile was taken down. Even if true that there is no responsive social media information to disclose, Plaintiff must amend his response to state this and to provide all information sought. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 6**: seeks detail on the amount and class of all damages Plaintiff is seeking. Plaintiff's original and amended responses objected to this request as "confusion and compound.". As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to supplement his response with specification of the kinds and amounts of damages sought. However, he failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory. *See, e.g., Gardner v. Madison County Sch. Bd.*, 2015 U.S. Dist. LEXIS 196238, *15 (N.D. Fla. July 16, 2015) (explaining scope and kinds of response necessary for similar request).

- **Interrogatory No. 7**: seeks identification of any persons from whom Plaintiff sought or obtained written statements relevant to this Action. Plaintiff's original and amended responses listed the Individuals by name. During the September 17th conferral call, Plaintiff told Ms. Wynne that some time ago, he secured statements from the Individuals wherein they confirmed his suspension from Delta. But, he no longer had those documents and did not know what happened to them. These alleged statements are directly relevant to his claims raised in the Complaint. This Court should order Plaintiff to conduct a reasonably diligent search and inquiry for the statements, as well as to respond fully to this Interrogatory.

- **Interrogatory No. 8**: seeks detail on employers to whom Plaintiff submitted an application for employment between June 1, 2022 and the present, as well as to describe the date(s) of such applications, the outcome(s) of such applications, and any documents evidencing same. Plaintiff's original and amended responses objected to this request as "confusion and compound.". As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to supplement his response with information about his applications to United Airlines, Inc. and Lifetime Fitness. He failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 9**: seeks detail on employment Plaintiff has held between February 8, 2019 and the present, including the date(s) of such employment, any workplace accommodation(s) received, and any documents evidencing same. Plaintiff's original and amended responses objected to this request as "confusion and compound." As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to supplement his response with information about his work with United Airlines, Inc. and Lifetime Fitness. He failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 10**: seeks detail on Plaintiff's work with United Airlines, Inc., including the date(s) of his tenure, job title, supervisor, compensation, and work location(s). Plaintiff's original and amended responses objected to this request as "confusion and compound." As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to supplement his response with information about his work with United Airlines, Inc. He failed to do so. Accordingly, this Court

21

should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 11**: seeks detail on Plaintiff's income between June 1, 2022 and the present, including any earnings received as a result of his employment with Delta or United Airlines, Inc. Plaintiff's original and amended responses objected to this request as "confusion and compound." As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to supplement his response with the information requested, but failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 12**: seeks detail on Plaintiff's medical treatment since January 1, 2022, including providers' names, dates, and the reasons for each visit. Plaintiff's original and amended responses objected to this request as "confusion and compound." As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to search for the relevant information (which had not yet done) and to supplement his response with the information requested. He failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 13**: seeks detail on medical providers, dates, diagnoses, treatments, and medications prescribed for the ADHD and HIV-positive diagnoses referenced in the Complaint. Plaintiff's original and amended responses objected to this request as "harassing and duplicative" because Plaintiff claims he provided this information to Delta's accommodations team years earlier. As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff promised to search for the relevant information (which had not yet done) and to supplement his response with the information requested. He failed to do so. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 14**: seeks detail on medical providers, dates, diagnoses, treatments, and medications prescribed for the alleged emotional distress he incurred as a result of Delta's actions described in the Complaint. Plaintiff's original and amended responses objected to this request as "confusion and compound." As discussed above, because he is the party resisting response,

Plaintiff bears the burden to establish how and why the request is improper. He has never done so. During the September 17th conferral call, Plaintiff confirmed he sought no medical treatment in connection with this lawsuit. If true, his response should clearly state this. Accordingly, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

- **Interrogatory No. 15**: seeks detail on other legal proceedings with which he has been involved (including lawsuits, administrative charges, bankruptcies, or criminal cases). Plaintiff's original and amended responses objected to this request as improperly calling for a legal conclusion. As discussed above, because he is the party resisting response, Plaintiff bears the burden to establish how and why the request is improper. He has never done so: simply identifying whether he has participated in litigation does not require him to give a legal opinion. During the September 17th conferral call, Plaintiff confirmed he has not been involved in litigation other than the instant action and promised to supplement his response accordingly. He failed to do so. As such, this Court should overrule Plaintiff's boilerplate objections and order him to respond fully to this Interrogatory.

## III.    CONCLUSION

Based on the foregoing, Delta requests the Court enter an Order compelling Plaintiff to provide more complete answers to Delta's Discovery Requests as discussed herein within ten (10) days of the entry of the Order, and granting such other and further relief as the Court deems proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Middle District Local Rule 3.01(g) and the Court's Order on Discovery Motions, the undersigned certifies that both prior counsel and the undersigned made several attempts to contact Plaintiff in a good faith effort to obtain Plaintiff's responses to Delta's Discovery Requests, most recently via electronic mail on October 21, 2025, but Plaintiff has failed to respond with compliant discovery responses.

Dated: October 22, 2025.                    Respectfully submitted,

                                            /s/  *Sarah J. Kuehnel*
                                            Sarah J. Kuehnel; FBN: 124765
                                            sarah.kuehnel@ogletree.com
                                            Sarah G. Keller; FBN:  1025439
                                            sarah.keller@ogletree.com
                                            **OGLETREE, DEAKINS, NASH,**
                                            **SMOAK & STEWART, P.C.**
                                            100 North Tampa Street, Suite 3600
                                            Tampa, Florida 33602
                                            Telephone:  (813) 289-1247
                                            Facsimile:   (813) 289-6530
                                            *Attorneys for Delta*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2025, a copy of the foregoing was filed with the Court's CM/ECF, which will send a notice of electronic filing to the following:

Gary Kulik *(Pro Se)*
garyjk1994@gmail.com
5443 West Wilson Avenue
Chicago, Illinois 60630

/s/  *Sarah J. Kuehnel*
Attorney